I concur with the disposition of the first assignment of error, but disagree with the disposition of the second assignment of error by the majority. R.C. 2950.09(B)(2) specifically states that the trial court shall consider all relevant factors, including but not limited to those listed in such section, in determining whether or not an offender is a sexual predator. There is, however, no indication in either the hearing transcript or in the trial court's entry that the trial court considered all of the ten factors set forth in R.C. 2950.09(B)(2). The ten factors are not set forth in any written findings made by the trial court after the sexual predator hearing nor are they set forth orally by the court at the sexual predator hearing. There is also not enough factual information in the hearing transcript to indicate that the trial court considered each factor in2950.09(B)(2). The trial court, therefore, erred in adjudicating appellant a sexual predator without considering all of the factors listed in R.C. 2950.09(B)(2). Moreover 2950.09(C) requires that a sexual predator adjudication be based on clear and convincing evidence. Neither at the June 18, 1997, hearing nor in its June 23, 1997, entry does the trial court indicate what evidentiary standard it applied in finding appellant a sexual predator. In short, there is no evidence that the trial court adjudicated appellant a sexual predator based on clear and convincing evidence. I would not make any finding at this time as to whether the evidence presented at the sexual predator hearing was enough evidence to support a finding that the appellant was a sexual predator by clear and convincing evidence. I would find that the trial court must consider all elements of 2950.09(B)(2) prior to entering a finding that the appellant is a sexual predator. It is the duty of the State to present this information unless the State can establish that the evidence as to an element is impossible to produce at this point in time. Therefore, I would remand this case for further hearing consistent with this opinion.